**SCHLAEGEL, An Infant, Plaintiff, v. BURLY FOUT, a. k. a. BURLEY FOUT, Defendant.**

Common Pleas Court, Franklin County.

No. 187575. Decided February 28, 1958.

Walter S. Barrett, Jr., David L. Barrett, for plaintiff.
Power, Griffith & Jones, for defendant.

## OPINION

By LEACH, J.

This case is before the Court for decision on the merits, a jury having been waived by the parties. By stipulation of the parties, the evidence submitted to the Court consists of the transcript of testimony taken at a previous trial in this Court, together with the depositions read at such trial.

We perhaps should first discuss and dispose of the contention of counsel for the plaintiff that the only question before this Court at this time is the matter of the amount of damages. The previous trial of this cause resulted in a general verdict of the jury in favor of the defendant. Thereafter the trial judge sustained plaintiff's motion for new trial on the basis of certain errors committed therein, not dealing with the merits of the case. Defendant thereafter appealed to the Court of Appeals and, among other Assignments of Error, asserted that the trial court erred in overruling defendant's motion for a directed verdict at the close of the plaintiff's case and also at the close of all of the evidence. The action of the trial court in granting the motion for new trial was affirmed by the Court of Appeals which further found that the other Assignments of Error as set forth by the defendant, were not well taken and were overruled.

Counsel for plaintiff assert that since the Court of Appeals held that the trial court did not err in overruling defendant's motion for a directed verdict, and since, after plaintiff rested, defendant did not introduce any evidence, this **requires** this Court to find the issues in favor of the plaintiff and to consider only the question of the amount of damages. We think that this contention is wholly without merit. Accepting the proposition that the previous trial court did not err in overruling defendant's' motion for a directed verdict and in submitting the case to the jury, it certainly does not follow that the jury would have been **compelled** to return a verdict for the plaintiff, or that this Court, based upon the same evidence, would be **compelled** to return such a verdict. In effect, all that the previous trial court held in submitting the case to the jury, was that from the evidence reasonable minds

might reach **different** conclusions upon any question of fact. **Hamden Lodge v. Ohio Fuel Gas Co., 127 Oh St 469.** As a matter of fact, where each side makes a motion for a directed verdict, it is entirely possible and not at all unusual that the Court must find that it can, as a matter of law, sustain neither motion and it then becomes the duty of the Court to overrule both motions and submit the questions of fact which necessarily remain, for determination by the jury. **Carter-Jones Lumber Co. v. Eblen, 167 Oh St 189.**

The brief of the defendant herein is directed primarily to the issue of whether a motion for a directed verdict or a motion to dismiss should be sustained by the Court as a **matter of law.** In view of the fact that this case has been submitted to the Court and a jury waived, this Court, of course, is the trier of the facts in the same way that the jury at the previous trial was the trier of the facts and in the same way that a jury would now be the trier of the facts, had a jury not been waived.

Applying in our decision on the facts, the basic principles of law as contained in the charge by the trial court at the previous trial, which apparently both parties agree as correctly stating the principles of law, we conclude in this case that the defendant was not guilty of willful or wanton misconduct. Since the plaintiff herein was a guest passenger, and since the provisions of §6308-6 GC, the "guest statute" in force and effect on May 25, 1951, the date of the accident in question, provides that the operator of a motor vehicle shall not be liable for loss or damage arising from injuries of a guest while being transported without payment therefore, in or upon said motor vehicle, resulting from the operation thereof, **unless such injuries are caused by the willful or wanton misconduct** of such operator, we necessarily find the issues in favor of the defendant and against the plaintiff.

No useful purpose would be served in reviewing the evidence in detail. Suffice it to stay that from a weighing of all of the evidence and a consideration thereof, we do not conclude that such evidence demonstrates conduct on the part of the defendant, "as manifests a disposition to perversity." Furthermore, we do not find that the defendant was "conscious, from his knowledge of the surrounding circumstances and existing conditions, that his conduct would in all common probability result in injury." **Universal Concrete Pipe Co. v. Basset, 130 Oh St 567; Vecchi v. Vecchi, 131 Oh St 59; Helleren, Admx. v. Dixon, 152 Oh St 40; Birmelin v. Gist, 142 Oh St 98.** Nor do we find that defendant had any specific intent to injure the plaintiff or with full knowledge of existing conditions, intentionally executed a wrongful course of conduct which he knew should not be carried out or intentionally failed to do something which he knew should be done in connection with his operation of the automobile, under circumstances tending to disclose that he knew, or should know, that an injury to his guest would be the probable result of such conduct. **Tighe v. Diamond, 149 Oh St 520.**

For a more complete discussion of the principles of law involved in the consideration of a "guest statute" case, we merely make reference to our decision of July 7, 1956, in the case of Anna Lee Bailey, plaintiff,

v. Elmer Huff, defendant, No. 187,797. This case was affirmed by the Court of Appeals on December 19, 1957, the opinion of the Court of Appeals stating that the Court was in full accord with the legal pronouncements found in such opinion.

While it is abundantly clear that the defendant was **negligent**, the evidence in our opinion as the trier of the facts, falls far short of causing us to conclude from the preponderance of the evidence that the defendant was guilty of **willful or wanton misconduct** proximately causing injury to the plaintiff.

Entry may be prepared rendering final judgment against the plaintiff and in favor of the defendant and dismissing this action at the costs of the plaintiff.